# EXHIBIT 1

# EXHIBIT 1

## IN THE COURT OF COMMON PLEAS OF
## MONROE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MUNIZ<br>CATHY MUNIZ<br><br>    Plaintiffs,<br><br>vs.<br><br>SILVIA VITIELLO<br>AIR BNB<br><br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Docket No:<br><br>2183 CV 23<br><br>**NOTICE TO DEFEND** |

### Notice

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MONROE COUNTY BAR ASSOCIATION
Find a Lawyer Program
913 Main Street
Stroudsburg, PA 18360
Phone: (570) 424-1340
Fax: (570) 424-8234

John E. Lavelle, Esq.
PA Bar I.D.: 315154
John E. Lavelle Law Firm P.C.
630 Willis Avenue
Williston Park, New York 11596
Phone: (877) 465-5997
Fax: (877) 471-1798
John.Lavelle@LavelleInjuryFirm.com

John E. Lavelle Law Firm P.C.
John E. Lavelle, Esq.
PA Bar I.D. No.: 315154
630 Willis Avenue
Williston Park, New York 11596
Phone: (877) 465-5997
Fax: (877) 471-1798
John.Lavelle@LavelleInjuryFirm.com

Attorneys for Plaintiffs

## IN THE COURT OF COMMON PLEAS OF
## MONROE COUNTY, PENNSYLVANIA

DAVID MUNIZ
737 Klondike Avenue
State Island, New York 10314

CATHY MUNIZ
737 Klondike Avenue
State Island, New York 10314

      Plaintiffs,
vs.

SILVIA VITIELLO
563 Carlton Road
Tobyhanna, PA 18466

AIR BNB
888 Brannan Street
San Francisco, CA 94103

      Defendants.

Docket No:

2183 CV 23

Not an Arbitration Case

Plaintiffs Request a Jury of 12

## COMPLAINT IN A CIVIL ACTION

AND NOW comes plaintiffs, DAVID MUNIZ and CATHY MUNIZ, by their counsel John E. Lavelle, Esq. of John E. Lavelle Law Firm P.C., 630 Willis Avenue, Williston Park, New York 11596, and files this complaint against Defendants, SILVIA VITIELLO and AIR BNB, and upon information and belief alleges as follows:

    1.    Plaintiffs DAVID MUNIZ and CATHY MUNIZ are adults residing at the above address in Richmond County, New York.

2. At all times hereinafter relevant, Defendant SILVIA VITIELLO is an adult residing at the above address in Monroe County, Pennsylvania.

3. At all times hereinafter relevant, Defendant AIR BNB is a corporation duly existing by and under the laws of the State of California with the above primary place of business.

4. Venue is proper in Monroe County because defendant resides in Monroe County, Pennsylvania.

5. Venue is proper in Monroe County because the events giving rise to this litigation occurred in Monroe County, Pennsylvania.

6. On or before February 26, 2022, Defendant SILVIA VITIELLO owned a premises located at 627 Carlton Road, Tobyhanna, PA 18466 (the "Premises").

7. On or before February 26, 2022, Defendant SILVIA VITIELLO was the lessor of the Premises.

8. On or before February 26, 2022, Defendant SILVIA VITIELLO was the lessee of the Premises.

9. On or before February 26, 2022, Defendant SILVIA VITIELLO was the managing agent of the Premises.

10. On or before February 26, 2022, Defendant SILVIA VITIELLO was the leasing agent of the Premises.

11. On or before February 26, 2022, Defendant SILVIA VITIELLO was the rental agent of the Premises.

12. On or before February 26, 2022, Defendant SILVIA VITIELLO operated the Premises.

13. On or before February 26, 2022, Defendant SILVIA VITIELLO maintained the Premises.

14. On or before February 26, 2022, Defendant SILVIA VITIELLO managed the Premises.

15. On or before February 26, 2022, Defendant SILVIA VITIELLO controlled the Premises.

16. On or before February 26, 2022, Defendant SILVIA VITIELLO listed the Premises for rent on Air BNB.

17. On or before February 26, 2022, Defendant SILVIA VITIELLO offered the Premises for rent on Air BNB.

18. On or before February 26, 2022, Defendant SILVIA VITIELLO rented the Premises through Air BNB.

19. On or before February 26, 2022, Defendant AIR BNB owned a premises located at 627 Carlton Road, Tobyhanna, PA 18466 (the "Premises").

20. On or before February 26, 2022, Defendant AIR BNB was the lessor of the Premises.

21. On or before February 26, 2022, Defendant AIR BNB was the lessee of the Premises.

22. On or before February 26, 2022, Defendant AIR BNB was the managing agent of the Premises.

23. On or before February 26, 2022, Defendant AIR BNB was the leasing agent of the Premises.

24. On or before February 26, 2022, Defendant AIR BNB was the rental agent of the Premises.

25. On or before February 26, 2022, Defendant AIR BNB operated the Premises.

26. On or before February 26, 2022, Defendant AIR BNB maintained the Premises.

27. On or before February 26, 2022, Defendant AIR BNB managed the Premises.

28. On or before February 26, 2022, Defendant AIR BNB controlled the Premises.

29. On or before February 26, 2022, it was the duty of Defendants to maintain said Premises in a safe and hazard free condition.

30. On or before February 26, 2022, there was a heating system located within the Premises.

31. On or before February 26, 2022, it was the duty of Defendants to maintain the heating system located within the Premises.

32. On or before February 26, 2022, Defendants rented the Premises to plaintiffs' family.

33. On or before February 26, 2022, Defendants warranted that the Premises was in a safe and hazard free condition by renting same.

34. On or before February 26, 2022, plaintiffs and their family members arrived at the Premises.

35. On or before February 26, 2022, plaintiffs and their family members began to use the Premises.

36. On or before February 26, 2022, plaintiffs and their family members stayed within the Premises.

37. On or before February 26, 2022, plaintiffs and their family members used the heating system in the Premises.

38. On February 26, 2022, Plaintiff DAVID MUNIZ was lawfully at the Premises.

39. On February 26, 2022, Plaintiff CATHY MUNIZ was lawfully at the Premises.

40. On February 26, 2022, said heating system in the Premises was in a dangerous and unsafe condition.

41. On February 26, 2022, in the evening hours, plaintiffs and their family members were exposed to carbon monoxide due to a defect in said heating system.

42. On February 26, 2022, plaintiffs and their family members were injured due to exposure to carbon monoxide due to a defect in said heating system.

43. Defendants created the dangerous and hazardous condition described above.

44. Defendants were aware of the dangerous and hazardous condition described above.

45. Defendants had knowledge of the dangerous and hazardous condition described above.

46. Defendants were notified of the dangerous and hazardous condition described above.

47. Defendants failed to remedy the dangerous and hazardous condition described above.

48. Defendants failed to prevent the dangerous and hazardous condition described above.

49. Defendants failed to do adequate maintenance which would have prevented the dangerous and hazardous condition described above.

50. That on or before February 26, 2022, Defendants provided no warnings regarding the heating system.

### COUNT I: DAVID MUNIZ v. SILVIA VITIELLO

51. Plaintiff David Muniz repeats all prior allegations as if set forth herein at length.

52. As a result of the carbon monoxide exposure described herein, emergency services were called to the home.

53. As a result of the carbon monoxide exposure described herein, Plaintiff was removed from the home by ambulance and taken to Regional Hospital of Scranton.

54. As a result of the carbon monoxide exposure described herein, Plaintiff was treated at Regional Hospital of Scranton.

55. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing trauma.

56. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing difficulties and/or limitations.

57. As a result of the carbon monoxide exposure described herein, Plaintiff had to seek medical attention.

58. Plaintiff has suffered economic damages.

59. Plaintiff has sustained extensive non-economic damages.

60. On February 26, 2022, Defendant had a duty to assure that their Premises was in a safe and hazard-free condition.

61. On February 26, 2022, Defendant had a duty to warn of known dangers.

62. On or before February 26, 2022, Defendant had a duty to inspect the Premises to keep same in a safe condition.

63. On February 26, 2022, Plaintiff had the right to assume that the Premises and its systems and equipment were in a safe condition.

64. Plaintiff, DAVID MUNIZ, suffered bodily injuries, severe pain and suffering, medical expenses and the loss of life's pleasures in the past, present and into the future.

65. That the injuries sustained by Plaintiff, DAVID MUNIZ, are the direct result of the negligence of Defendant as described herein.

66. The incident and injuries described herein were exclusively caused by the negligence and/or carelessness of the Defendant and are due in no part to the actions or inactions of the Plaintiff.

**WHEREFORE,** Plaintiff DAVID MUNIZ demands judgment in a sum which exceeds the arbitration limit, plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

### COUNT II: DAVID MUNIZ v. AIR BNB

67. Plaintiff David Muniz repeats all prior allegations as if set forth herein at length.

68. As a result of the carbon monoxide exposure described herein, emergency services were called to the home.

69. As a result of the carbon monoxide exposure described herein, Plaintiff was removed from the home by ambulance and taken to Regional Hospital of Scranton.

70. As a result of the carbon monoxide exposure described herein, Plaintiff was treated at Regional Hospital of Scranton.

71. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing trauma.

72. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing difficulties and/or limitations.

73. As a result of the carbon monoxide exposure described herein, Plaintiff had to seek medical attention.

74. Plaintiff has suffered economic damages.

75. Plaintiff has sustained extensive non-economic damages.

76. On February 26, 2022, Defendant had a duty to assure that their Premises was in a safe and hazard-free condition.

77. On February 26, 2022, Defendant had a duty to warn of known dangers.

78. On or before February 26, 2022, Defendant had a duty to inspect the Premises to keep same in a safe condition.

79. On February 26, 2022, Plaintiff had the right to assume that the Premises and its systems and equipment were in a safe condition.

80. Plaintiff, DAVID MUNIZ, suffered bodily injuries, severe pain and suffering, medical expenses and the loss of life's pleasures in the past, present and into the future.

81. That the injuries sustained by Plaintiff, DAVID MUNIZ, are the direct result of the negligence of Defendant as described herein.

82. The incident and injuries described herein were exclusively caused by the negligence and/or carelessness of the Defendant and are due in no part to the actions or inactions of the Plaintiff.

**WHEREFORE,** Plaintiff DAVID MUNIZ demands judgment in a sum which exceeds the arbitration limit, plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

## COUNT III: CATHY MUNIZ v. SILVIA VITIELLO

83. Plaintiff Cathy Muniz repeats all prior allegations as if set forth herein at length.

84. As a result of the carbon monoxide exposure described herein, emergency services were called to the home.

85. As a result of the carbon monoxide exposure described herein, Plaintiff was removed from the home by ambulance and taken to Regional Hospital of Scranton.

86. As a result of the carbon monoxide exposure described herein, Plaintiff was treated at Regional Hospital of Scranton.

87. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing trauma.

88. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing difficulties and/or limitations.

89. As a result of the carbon monoxide exposure described herein, Plaintiff had to seek medical attention.

90. Plaintiff has suffered economic damages.

91. Plaintiff has sustained extensive non-economic damages.

92. On February 26, 2022, Defendant had a duty to assure that their Premises was in a safe and hazard-free condition.

93. On February 26, 2022, Defendant had a duty to warn of known dangers.

94. On or before February 26, 2022, Defendant had a duty to inspect the Premises to keep same in a safe condition.

95. On February 26, 2022, Plaintiff had the right to assume that the Premises and its systems and equipment were in a safe condition.

96. Plaintiff, DAVID MUNIZ, suffered bodily injuries, severe pain and suffering, medical expenses and the loss of life's pleasures in the past, present and into the future.

97. That the injuries sustained by Plaintiff, CATHY MUNIZ, are the direct result of the negligence of Defendant as described herein.

98. The incident and injuries described herein were exclusively caused by the negligence and/or carelessness of the Defendant and are due in no part to the actions or inactions of the Plaintiff.

**WHEREFORE,** Plaintiff CATHY MUNIZ demands judgment in a sum which exceeds the arbitration limit, plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

### COUNT IV: CATHY MUNIZ v. AIR BNB

99. Plaintiff Cathy Muniz repeats all prior allegations as if set forth herein at length.

100. As a result of the carbon monoxide exposure described herein, emergency services were called to the home.

101. As a result of the carbon monoxide exposure described herein, Plaintiff was removed from the home by ambulance and taken to Regional Hospital of Scranton.

102. As a result of the carbon monoxide exposure described herein, Plaintiff was treated at Regional Hospital of Scranton.

103. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing trauma.

104. As a result of the carbon monoxide exposure described herein, Plaintiff suffered breathing difficulties and/or limitations.

105. As a result of the carbon monoxide exposure described herein, Plaintiff had to seek medical attention.

106. Plaintiff has suffered economic damages.

107. Plaintiff has sustained extensive non-economic damages.

108. On February 26, 2022, Defendant had a duty to assure that their Premises was in a safe and hazard-free condition.

109. On February 26, 2022, Defendant had a duty to warn of known dangers.

110. On or before February 26, 2022, Defendant had a duty to inspect the Premises to keep same in a safe condition.

111. On February 26, 2022, Plaintiff had the right to assume that the Premises and its systems and equipment were in a safe condition.

112. Plaintiff, CATHY MUNIZ, suffered bodily injuries, severe pain and suffering, medical expenses and the loss of life's pleasures in the past, present and into the future.

113. That the injuries sustained by Plaintiff, CATHY MUNIZ, are the direct result of the negligence of Defendant as described herein.

114. The incident and injuries described herein were exclusively caused by the negligence and/or carelessness of the Defendant and are due in no part to the actions or inactions of the Plaintiff.

**WHEREFORE,** Plaintiff CATHY MUNIZ demands judgment in a sum which exceeds the arbitration limit, plus interest and costs of suit and delay damages as may be recoverable under the Pennsylvania Rules of Civil Procedure.

_____
John E. Lavelle, Esq.
PA Bar I.D.: 315154
John E. Lavelle Law Firm P.C.
630 Willis Avenue
Williston Park, New York 11596
Phone: (877) 465-5997
Fax: (877) 471-1798
John.Lavelle@LavelleInjuryFirm.com

## VERIFICATION

I, DAVID MUNIZ, am the plaintiff in this action and I depose and say that the statements contained in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief. I understand that the statements contained herein are subject to 18 PA.C.S. §4904.

Dated: 3/7/23

_____
DAVID MUNIZ

## VERIFICATION

I, CATHY MUNIZ, am the plaintiff in this action and I depose and say that the statements contained in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief. I understand that the statements contained herein are subject to 18 PA.C.S. §4904.

Dated: 3/7/23

*Cathy Muniz*
CATHY MUNIZ