IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MUNIZ AND CATHY MUNIZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>SILVIA VITIELLO AND AIR BNB,<br><br>    Defendants. | Civil Action No. 3:23-cv-00825-JFS |

# ORDER

AND NOW this _____ day of _____, 2023, upon consideration of Defendant Silvio Vitiello's Motion to Dismiss and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** said Motion is **GRANTED** and Plaintiffs' claims are dismissed with prejudice.

BY THE COURT:

_____
Hon. Joseph F. Saporito, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MUNIZ AND CATHY MUNIZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SILVIA VITIELLO AND AIR BNB,<br><br>　　　　Defendants. | Civil Action No. 3:23-cv-00825-JFS |

## **ALTERNATIVE ORDER**

AND NOW this _____ day of _____, 2023, upon consideration of Defendant Silvio Vitiello's Motion to Dismiss and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED** and Plaintiffs are compelled to submit this matter to arbitration.

BY THE COURT:

_____
Hon. Joseph F. Saporito, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MUNIZ AND CATHY MUNIZ, <br><br> Plaintiffs, <br><br> v. <br><br> SILVIA VITIELLO AND AIR BNB, <br><br> Defendants. | Civil Action No. 3:23-cv-00825-JFS |

**SILVIO VITIELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO COMPEL ARBITRATION**

Defendant Silvio Vitiello (incorrectly identified as "Silvia Vitiello" and hereinafter referred to as "Mr. Vitiello" and/or "Moving Defendant"), by and through the undersigned counsel, submits the within Motion to Dismiss and Brief in support thereof pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted since Plaintiffs fail to plead their claim of negligence with specificity and because they agreed to the Airbnb Terms of Service which mandates arbitration as the exclusive and mandatory remedy for any claims arising out of the use of the Airbnb platform.  In support therefore, Moving Defendant avers as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

1. On April 16, 2023, David Muniz and Cathy Muniz ("Plaintiffs") initiated suit by filing a Complaint against Defendant Silvio Vitiello (incorrectly identified as "Silvia Vitiello") and Airbnb. A true and correct copy of Plaintiffs' Complaint is attached hereto and marked as Exhibit "A".

2. Plaintiffs allege that on February 26, 2022, Plaintiffs, while business invitees, were injured due to exposure to carbon monoxide due to a defect in the heating system at their

Airbnb rental located at 627 Carlton Road, Tobyhanna, PA 18466 ("subject property"). *Id.* at ¶41-42.

3. Plaintiffs each assert two counts of negligence, one against Moving Defendant and the other against Defendant Airbnb, Inc. *See* Exhibit "A".

4. Plaintiffs assert, *inter alia*, that Moving Defendant failed to inspect and maintain the premises, warn of known dangers, and assure that the premises was safe. *Id.* at ¶29, 60-62, 92-94.

5. Plaintiffs have failed to state a claim upon which relief can be granted as to Mr. Vitiello, as the Complaint does not state sufficient facts to support how Mr. Vitiello was allegedly negligent with regard to the heating system's "defect", or what Plaintiffs' alleged injuries of "breathing trauma" consisted of.

6. Furthermore, pursuant to the Airbnb Terms of Service, which Plaintiffs agreed to in renting the property, arbitration is the exclusive and mandatory remedy for Plaintiffs' claims.

7. As such, Plaintiffs' claims against Defendant should be dismissed, with prejudice.

## II. STANDARD OF REVIEW

8. A motion to dismiss may be brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

9. Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's allegations must meet a standard of "plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

10. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

11. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

12. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

13. This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

14. Furthermore, the arbitrability of a matter is "a threshold, jurisdictional question that must be decided by the court." *Davis v. Center Management Group, LLC*, 192 A.3d 173, 182 (Pa. Super. 2018).

15. "If a valid arbitration agreement exists between the parties and [] [Plaintiffs'] claim is within the scope of the agreement, the controversy must be submitted to arbitration." *Id.* (citing *Smith v. Cumberland Group Limited*, 687 A.2d 1167, 1171 (1997)).

16. Once a party makes a showing that an agreement for alternative dispute resolution exists, the court shall order the parties to proceed with arbitration. 42 Pa. C.S. §7304.

17. Furthermore, as a matter of public policy, Pennsylvania courts strongly favor the settlement of disputes by arbitration. *Smith*, 687 A.2d at 1171.

**III.   ARGUMENT**

**A.   COUNT I -Negligence of Plaintiffs' Complaint must be dismissed as Plaintiffs fail to state a claim against Silvio Vitiello upon which relief may be granted**

18.     Plaintiffs claim that Mr. Vitiello, as the host of the Airbnb rental property, breached his duty to them when there was a defect in the heating system at the subject property. *See* Exhibit "A" at ¶41-42.

19.     Although Plaintiffs assert, *inter alia*, that Moving Defendant failed to inspect and maintain the premises, warn of known dangers, and assure that the premises was safe, Plaintiffs provide no facts to show that Mr. Vitiello did, in fact, breach his duty.  *Id.* at ¶29, 60-62, 92-94.

20.     Rather, Plaintiffs simply make conclusory statements that Mr. Vitiello breached his duty to them, resulting in the vague injury of "breathing trauma".

21.     Assuming, *arguendo*, that Mr. Vitiello owed a duty to the Plaintiffs, Plaintiffs have nonetheless failed to plead any facts to show how Mr. Vitiello deviated from and breached said duty, specifically because they claim that the heating system encountered a "defect", which would not be Mr. Vitiello's fault.

22.     Plaintiffs have not pled with sufficient specificity how Mr. Vitiello allegedly breached his duty and what their alleged resulting injuries were.

23.     Therefore, Plaintiffs' negligence claim must be dismissed.

**B.     Plaintiffs' claims are subject to the arbitration agreement contained in the Airbnb Terms of Service**

24.     Moving Defendant Silvio Vitiello is a host who lists his property on Airbnb, an online platform that offers properties for rental, handling the rental's marketing, booking and customer service on behalf of homeowners.  Moving Defendant is the owner of the subject property.

25.     Section 23 of the Airbnb Terms of Service/Rental Agreement contains an arbitration provision which states as  follows:

Agreement to Arbitrate.  You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these terms or the applicability, breach, termination,  validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content  (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement").  If there is a dispute about whether this Arbitration Agreement can be enforced or applied to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.

*See* Exhibit "B," at Sect. 23.4.

26. Here, the parties entered into a valid agreement arising from the rental of Moving Defendant's property listed on Airbnb's online platform.  All guests who use the Airbnb platform must agree to the Terms of Service to use the platform.  A guest cannot create an account without agreeing to the Terms of Service.

27. The arbitration agreement mandates arbitration as the exclusive and mandatory remedy for Plaintiffs in this matter, and as such, Plaintiffs' claim must be dismissed and Plaintiff must be compelled to submit this matter to arbitration pursuant to the terms of the Airbnb Agreement.

WHEREFORE, Defendant Silvio Vitiello respectfully requests that this Honorable Court enter an Order dismissing, with prejudice, Count I of the Complaint against Mr. Vitiello, and compel Plaintiffs to submit this dispute to arbitration pursuant to the applicable agreement.

By:    /s/ Kamela Devole
       KAMELA DEVOLE, ESQUIRE
       PA I.D. NO. 323614
       1760 Market Street, Suite 1001
       Philadelphia, PA  19103
       PH:   215-709-2250
       FAX: 215-709-2251
       kdevole@wshblaw.com
       Counsel for Defendant, Silvio Vitiello

Dated: July  24, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MUNIZ AND CATHY MUNIZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SILVIA VITIELLO AND AIR BNB,<br><br>　　　　Defendants. | Civil Action No. 3:23-cv-00825-JFS |

## SILVIO VITIELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND COMPEL ARBITRATION

**I.   MATTER BEFORE THE COURT**

Defendant, Silvio Vitiello (incorrectly identified as "Silvia Vitiello" and hereinafter referred to as "Mr. Vitiello" and/or "Moving Defendant"), by and through his undersigned counsel, hereby moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted. In the alternative, Moving Defendant requests that Plaintiffs' Complaint be dismissed and Plaintiffs be compelled to submit this matter to arbitration pursuant to the applicable arbitration agreement.

**II.  STATEMENT OF FACTS**

On April 16, 2023, David Muniz and Cathy Muniz ("Plaintiffs") initiated suit by filing a Complaint against Defendant Silvio Vitiello (incorrectly identified as "Silvia Vitiello") and Airbnb. A true and correct copy of Plaintiffs' Complaint is attached hereto and marked as Exhibit "A".

Plaintiffs allege that on February 26, 2022, Plaintiffs, while business invitees, were injured due to exposure to carbon monoxide due to a defect in the heating system at their Airbnb rental located at 627 Carlton Road, Tobyhanna, PA 18466 ("subject property"). *Id.* at ¶41-42.

Plaintiffs each assert two counts of negligence, one against Moving Defendant and the other against Defendant Airbnb, Inc. *See* Exhibit "A". Plaintiffs assert, *inter alia*, that Moving Defendant failed to inspect and maintain the premises, warn of known dangers, and assure that the premises was safe. *Id.* at ¶29, 60-62, 92-94.

Plaintiffs have failed to state a claim upon which relief can be granted as to Mr. Vitiello, as the Complaint does not state sufficient facts to support how Mr. Vitiello was allegedly negligent with regard to the heating system's "defect", or what Plaintiffs' alleged injuries of "breathing trauma" consisted of.

Furthermore, pursuant to the Airbnb Terms of Service, which Plaintiffs agreed to in renting the property, arbitration is the exclusive and mandatory remedy for Plaintiffs' claims. As such, Plaintiffs' claims against Defendant should be dismissed, with prejudice.

### III.  STANDARD OF REVIEW

A motion to dismiss may be brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's allegations must meet a standard of "plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id*. at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

Furthermore, the arbitrability of a matter is "a threshold, jurisdictional question that must be decided by the court." *Davis v. Center Management Group, LLC*, 192 A.3d 173, 182 (Pa. Super. 2018). "If a valid arbitration agreement exists between the parties and [] [Plaintiffs'] claim is within the scope of the agreement, the controversy must be submitted to arbitration." *Id.* (citing *Smith v. Cumberland Group Limited*, 687 A.2d 1167, 1171 (1997)).

Once a party makes a showing that an agreement for alternative dispute resolution exists, the court shall order the parties to proceed with arbitration. 42 Pa. C.S. §7304. Furthermore, as a matter of public policy, Pennsylvania courts strongly favor the settlement of disputes by arbitration. *Smith*, 687 A.2d at 1171.

IV. **ARGUMENT**

A. **COUNT I -Negligence of Plaintiffs' Complaint must be dismissed as Plaintiffs fail to state a claim against Silvio Vitiello upon which relief may be granted**

Plaintiffs claim that Mr. Vitiello, as the host of the Airbnb rental property, breached his duty to them when there was a defect in the heating system at the subject property. *See* Exhibit "A" at ¶41-42. Although Plaintiffs assert, *inter alia*, that Moving Defendant failed to inspect and maintain the premises, warn of known dangers, and assure that the premises was safe, Plaintiffs provide no facts to show that Mr. Vitiello did, in fact, breach his duty. *Id.* at ¶29, 60-62, 92-94. Rather, Plaintiffs simply make conclusory statements that Mr. Vitiello breached his duty to them, resulting in the vague injury of "breathing trauma".

Assuming, *arguendo*, that Mr. Vitiello owed a duty to the Plaintiffs, Plaintiffs have nonetheless failed to plead any facts to show how Mr. Vitiello deviated from and breached said duty, specifically because they claim that the heating system encountered a "defect", which would not be Mr. Vitiello's fault.  Plaintiffs have not pled with sufficient specificity how Mr. Vitiello allegedly breached his duty and what their alleged resulting injuries were.  Therefore, Plaintiffs' negligence claim must be dismissed.

**B.     Plaintiffs' claims are subject to the arbitration agreement contained in the Airbnb Terms of Service**

Moving Defendant Silvio Vitiello is a host who lists his property on Airbnb, an online platform that offers properties for rental, handling the rental's marketing, booking and customer service on behalf of homeowners.  Moving Defendant is the owner of the subject property.

Section 23 of the Airbnb Terms of Service/Rental Agreement contains an arbitration provision which states as  follows:

> Agreement to Arbitrate.  You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these terms or the applicability, breach, termination,  validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content  (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement").  If there is a dispute about whether this Arbitration Agreement can be enforced or applied to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.

*See* Exhibit "B," at Sect. 23.4.

Here, the parties entered into a valid agreement arising from the rental of Moving Defendant's property listed on Airbnb's online platform.  All guests who use the Airbnb platform must agree to the Terms of Service to use the platform.  A guest cannot create an account without agreeing to the Terms of Service.

The arbitration agreement mandates arbitration as the exclusive and mandatory remedy for Plaintiffs in this matter, and as such, Plaintiffs' claim must be dismissed and Plaintiff must be compelled to submit this matter to arbitration pursuant to the terms of the Airbnb Agreement.

## V.     CONCLUSION

Based on the foregoing, all claims against Defendant Silvio Vitiello set forth in the Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6), with prejudice, as Plaintiffs have to plead with specificity their claims against Moving Defendant. Moving Defendant respectfully requests that Plaintiffs be compelled to submit this dispute to arbitration pursuant to the applicable agreement.

By:     */s/ Kamela Devole*
KAMELA DEVOLE, ESQUIRE
PA I.D. NO. 323614
1760 Market Street, Suite 1001
Philadelphia, PA  19103
PH:   215-709-2250
FAX: 215-709-2251
kdevole@wshblaw.com
Counsel for Defendant, Silvio Vitiello

Dated: July  24, 2023

## CERTIFICATE OF COMPLAINCE

    I certify as counsel for Defendant Silvio Vitiello, that I conferred with Plaintiff's counsel about the merits of the foregoing Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and that, despite the parties' good faith efforts, the parties were unable to agree that this matter should be dismissed and arbitrated, as detailed in the Motion.

Date: July 24, 2023                                                     */s/ Kamela Devole*
                                                                                   Kamela Devole, Esquire

## CERTIFICATE OF SERVICE

I, Kamela Devole, hereby certify that a true and correct copy of the foregoing Motion was served upon the following counsel of record via the Court's ECF system on this 24th day of July, 2023:

John E. Lavelle, Esquire
John E. Lavelle Law Firm, PC
P.O. Box 414
Williston Park, NY 11596
Counsel for Plaintiffs

Casey Alan Coyle, Esquire
Christina Manfredi McKinley, Esquire
Babst Calland Clements and Zomnir, PC
Two Gateway Center
603 Stanwix Street, 8th Floor
Pittsburgh, PA 15222
Counsel for Defendant Airbnb, Inc.

Daniel T. Brier, Esquire
Richard L. Armezzani, Esquire
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
Co-Counsel for Defendant, Airbnb, Inc.

                                                                                                */s/ Kamela Devole*
                                                                                                 Kamela Devole, Esquire