UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MUNIZ, et al., | CIVIL ACTION<br>NO. 3:23—cv-00825 |
| Plaintiffs, | |
| v. | (SAPORITO, C.M.J.) |
| SILVIA VITIELLO,[1] | |
| Defendant. | |

### MEMORANDUM

This diversity action arises out of the plaintiffs' alleged exposure to carbon monoxide while they leased premises controlled by defendant, Silvia Vitiello at 627 Carlton Road, Tobyhanna, Pennsylvania (the "subject premises"). The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). Before the court is the motion to dismiss filed by the defendant Vitiello (Doc. 19).[2] The parties

---

[1]  In the brief in support of the pending motion to dismiss, the named defendant, Silvia Vitiello, stated that the defendant was incorrectly identified. The proper first name of the defendant is "Silvio" and not "Silvia."

[2]  Vitiello also moved to compel arbitration, but that portion of the motion was withdrawn. (Doc.42; Doc. 43.) We also note that defendant

have briefed the motion. (Doc. 20; Doc. 39; Doc. 41). For the reasons set forth herein, the motion will be denied.

## I. *Statement of Facts*

The plaintiffs, David Muniz and Cathy Muniz, initiated this action by the filing of a complaint on April 5, 2023, in the Court of Common Pleas of Monroe County, Pennsylvania. The former defendant, AirBNB, timely removed this action to this court on May 18, 2023. (Doc. 1.) In their complaint, the plaintiffs allege that defendant Vitiello operated, maintained, managed, controlled, and listed the subject premises for rent on AirBNB. The plaintiffs further allege that, on or before February 26, 2022, a heating system was located within the subject premises, and it was the defendant's duty to maintain the heating system. On or before February 26, 2022, the defendant rented the subject premises to the plaintiffs' family, warranting that the premises was in a safe and hazard-free condition. In the evening of February 26, 2022, the plaintiffs allege that they and their family members were exposed to

---

AirBNB also filed a motion to dismiss (Doc. 32) and the plaintiffs voluntarily dismissed the matter against AirBNB. (Doc. 44.)

carbon monoxide due to a defect in the heating system, thereby injuring them.

Further, the plaintiffs allege that Vitiello created a dangerous and hazardous condition, and that Vitiello had previously been notified and failed to remedy the condition. It was further alleged that the defendant failed to adequately maintain the heating system in order to prevent a dangerous and hazardous condition.

In his brief in support of the motion to dismiss and his reply brief, Vitiello asserts that the plaintiffs' allegations that the defendant failed to inspect and maintain the premises, failed to warn of known dangers, and failed to assure that the premises was safe, do not sufficiently state a claim upon which relief can be granted. (Doc. 20, at 2; Doc. 4, at 2). Further, Vitiello maintains that the plaintiffs failed to allege the extent of their breathing trauma. (Doc. 20 at 2).

## I.   *Legal Standards*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations

in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne Cnty. Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Discussion

This case is before the Court as a diversity of citizenship action under 28 U.S.C. § 1332. The plaintiffs are citizens of New York, and defendant Vitiello is a citizen of the Commonwealth of Pennsylvania. In the notice of removal, the amount in controversy is alleged to be over $75,000. Thus, diversity jurisdiction is proper. As this is a diversity action and Pennsylvania was the situs of the injury, the *Erie* doctrine instructs that we apply Pennsylvania substantive law to the facts of this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

The plaintiffs' claims sound in negligence. In Pennsylvania, the *prima facie* elements of a negligence action are: (1) a duty or obligation recognized by law; (2) a breach of the duty; (3) causal connection between the actor's breach; and (4) actual loss or damage suffered by complainant. *Jones v. Lavin*, 940 A.2d 451, 454 (Pa. Super. Ct. 2007). In the complaint, the plaintiffs alleged that Vitiello was the owner, lessor, lessee, managing agent, leasing agent, and rental agent who operated, maintained, managed, and controlled the premises, and who listed the premises for rent and offered it for rent. (Doc. 1-1 ¶¶ 6-18.) The plaintiffs further alleged that Vitiello had duties to assure that the premises was in a safe

and hazard-free condition, to warn of known dangers, and to inspect the premises. (*Id.* ¶¶ 60-62.) The complaint alleges that Vitiello failed: (1) to remedy the dangerous and hazardous condition; (2) to prevent the dangerous and hazardous condition; (3) to adequately maintain the premises; and (4) to provide warnings regarding the heating system. (*Id.* ¶¶ 47-50.) Finally, the complaint alleges that the carbon monoxide exposure resulted in the plaintiff's removal from the premises in an emergent nature, and he was transported to a hospital by ambulance and treated for breathing difficulties and limitations. (*Id.* ¶¶ 52-56.) It was further alleged that the plaintiff suffered economic and non-economic damages. (*Id.* ¶¶ 58-66.)

Based on the foregoing, it is clear that the defendant owed a duty of care with respect to the premises leased to the plaintiffs, and we find that the plaintiffs have alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence at the defendant's knowledge of the defective venting system (or his failure to adequately maintain it). We further find that the plaintiffs' allegations of breathing difficulties and limitations sufficient to merit transportation to a hospital for emergency medical care are sufficient to plausibly demonstrate

6

physical injury and causation. Thus, we find that the complaint adequately sets forth a claim for negligence against the defendant. The motion will be denied.

An appropriate order follows.

*[signature]*
JOSEPH F. SAPORITO, JR.
Chief U.S. Magistrate Judge

Dated: February 27, 2024